[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated November 18, 1997, the plaintiffs filed a five count complaint against the defendants. The plaintiffs: in the first count, allege misrepresentation; in the second; breach of contract; in the third, fraud in the inducement; in the fourth, violation of restrictions; and, in the fifth, CUTPA violations. The defendants filed their answers and special defenses and the parties were at issue.
The plaintiffs, at the time of trial, were Louis A. Magnarelli, Sharon D. Magnarelli; Paul Gilmartin, John M. Nicastre; Salley E. Nicastre; Jessica Shank Coviello, individually and as executrix of the Estate of Andrew J. Coviello.
The defendants are Philip M. Marotta, Jr., Deborah Marotta, Philip M. Marotta, Sr. and Donald F. Schmitt.
After a full trial, as to counts one three, based upon clear and convincing, credible, relevant and legally admissible evidence and the logical, reasonable and lawful inferences to be drawn therefrom finds, determines and rules as indicated below. CT Page 13327
Further, as to counts two, four and five based upon a preponderance of the credible, relevant and legally admissible evidence and the logical, reasonable and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
On or about June 6, 1986, the defendants, Philip M. Marotta, Sr., Philip M. Marotta, Jr., and Donald Schmitt applied to the Durham Planning and Zoning Commission for a twenty-two lot subdivision. After due notice, and hearings duly held, the Planning and Zoning Commission approved a subdivision consisting of twelve lots. The approved subdivision map was signed by the chairman, on behalf of the Commission, on April 16, 1987. The subdivision map was filed with the Durham Town Clerk.
No developers declaration was filed. (Emphasis added.) However, contemporaneously with the sale of each lot, certain restrictions, as agreed between the parties were placed upon such lots and were recited in the deeds conveying said lots. The express restrictions read as follows:
 "Said premises are subject also to the following restrictions. The dwelling built on said lot must have a minimum of 2,200 square feet of living area; no ranches or raised ranches will be allowed on said lot; no horses will be allowed on any lot under five acres in area."
Further, each deed contained the following language:
 "Said premises are subject to building lines, if established, all laws, ordinances or governmental regulations including building and zoning ordinances affecting said premises."
The plaintiffs are all purchasers or successors in interest to purchasers of certain subdivision lots. Each deed of conveyance contained the aforesaid restrictions.
The approved subdivision, known as Brittany Estates, is wholly located in a Farm-Residential Zone as set forth in Section 05 of the Durham Zoning Regulations.
On February 6, 1995, the Marottas applied for a zoning permit to build two greenhouses, each being 3,500 square feet, upon lots 10 11 consisting in total, 22 acres and located within the CT Page 13328 Brittany Estates Subdivision. Such use is allowed in the zone where the lots are located. The zoning permit was issued by Durham's Zoning Enforcement Officer. Upon appeal, such issuance was upheld by the Durham Zoning Board of Appeals. This court, Foley, J. presiding, in Magnarelli et al v. Durham Zoning Boardof Appeals, upheld the decision of the Zoning Board of Appeals. This action followed.
The court makes the following express findings:
1. The defendants' did gain approval for a 12 lot subdivision.
2. That said lots are located in a Farm-Residential Zone.
 3. The defendants' use of said lots as a Farm use in a legal use under the Town of Durham Zoning Regulation.
 4. The use of the subdivision lots for farming was not barred in any written agreement between the defendants and any lot purchaser.
 5. The restrictions uses as to house size and style and horses were included in the deeds of conveyances to the plaintiffs.
 6. The use of the lots for farming was not excluded as a restrictive use.
 7. The intent of the defendant developers at the time of the lot sales was to restrict the listed uses but not restrict every other legal use.
 8. The defendants verbally indicated an intent to limit the use to upscale homes, but never related to the plaintiffs that the lots would never be used for farming.
 9. The defendants' did not expect that the failure to relate to the defendants' that a possible use of otherwise qualified lots for farm purpose placed a restriction of said use on the lots.
 10. There was never an intent on the part of the defendants to misrepresent the nature of the subdivision or to fraudulently induce the plaintiffs to purchase same.
CT Page 13329
 11. The Zoning Regulations of the Town of Durham are a public record which gave notice to the plaintiffs that certain lots in the subdivision could lawfully be used for farming. The plaintiff knew or should have known of said condition.
In sum, the plaintiffs have failed to prove, by the standard of proofs recited above, the allegations of their complaint.
The case against the defendant, Schmitt was withdrawn.
Accordingly, judgment is entered for the remaining defendants on all five counts of the plaintiffs complaint, with costs.
SPALLONE JUDGE TRIAL REFEREE